IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOYCE GREEN, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB-08-3391 |
| HEBRON SAVINGS BANK, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiffs Joyce Green, Sean Logan, Esq., and James R. Schraf, Esq. the Bankruptcy Trustees for Green's estate ("Plaintiffs"), filed this action against Defendants Hebron Savings Bank, Gregory W. Johnson, Victor H. Laws, III, Charles R. Smith, III, Mark S. Holloway, Robert E. Holloway, Charles W. Kelly, Thomas P. Monahan, E. Scott Tawes, Thomas C. Thompson, Mark D. Sewell, Cathy D. Brinsfield and Edward Wilgus (collectively "Defendants").[1]  Plaintiffs purport to assert claims under the Bank Bribery Act, 18 U.S.C. § 215 *et. seq.* ("BBA"), and the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* ("TILA").  Pending before this Court is Defendant Wilgus's Motion to Dismiss (Paper No. 5) and the remaining Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Paper No.9).  Defendants' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2008).  For the reasons stated below, Defendants' Motions to Dismiss (Papers No. 5 and 9) are GRANTED.

---

[1] Dean E. French, R.J. Investments and Randal G. Jackson, were also named as Defendants, but they have not been served with process.  On January 5, 2010, this Court issued an Order to Show Cause as to why the Complaint should not be dismissed against these named defendants. (Paper No. 21.)

1

**BACKGROUND**

This Court reviews the facts relating to this claim in the light most favorable to the petitioner. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). This case involves two mortgage loans totaling $475,000 that Hebron Savings Bank ("Hebron") granted to Plaintiff Joyce Green in 2007.

In 2006, Green obtained a $275,000 short-term loan from private investors to help her make mortgage payments for a property she owns in Maryland. Compl. ¶ 16. By early 2007, Green was late in making these loan payments and sought yet another loan to avoid foreclosure. *Id*. ¶ 18. Green subsequently contacted Elwood Dean French, a "hard money loan broker," who was known for obtaining loans for people who were having trouble getting loan approval on their own. *Id*. ¶ 21. French forwarded Green's new loan request to Hebron. *Id*. ¶ 21, 22.

Hebron initially denied Green's loan application. *Id*. ¶ 22. Green claims that French told her that Hebron would approve her loan application if Defendant Edward Wilgus, a member of the Bank's Board of Directors, was "paid for his services," but that Green "had to keep this fact a secret." *Id* ¶ 23. On this advice, Green states that she gave French a $27,000 check payable to R.J. Investments as payment for a "finders' fee," and that a portion of this money was paid to Wilgus for his efforts in stalling foreclosure and convincing Hebron to approve Green's loan. *Id*. ¶ 30, 36. On March 31, 2007, Hebron gave Green a loan of $450,000. *Id*. ¶ 30. In September, 2007, Green received a second loan of $25,000.

Plaintiffs assert thirteen separate claims against Defendants. In Count I, Plaintiffs allege that Defendants are personally liable under the Bank Bribery Act. In Count II, Plaintiffs allege violations of the Truth in Lending Act. The remaining counts allege various claims under state

law, including conspiracy, fraud and negligence with respect to the loan. Pursuant to these claims, Plaintiffs seek monetary damages.

## STANDARD OF REVIEW

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555. Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See id.* (stating that "courts are not bound to accept as true a legal conclusion couched as a factual allegation") (citations omitted).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* The Supreme Court has recently explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). On a spectrum, the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Id*. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  At bottom, the court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief.  *Id.*

## ANALYSIS

### I.     Bank Bribery Act Claim (Count I)

The Bank Bribery Act, 18 U.S.C. § 215, imposes criminal liability on anyone who offers or accepts a bribe in connection with loans from financial institutions.  As Defendants point out, this criminal statute does not create a private right of action.  While Plaintiffs admit that this is "technically true," they nonetheless state this is a "blatant misrepresentation of the law."  Pls.' Opp. at 8.  Plaintiffs argue that 12 U.S.C. § 503 provides a private cause of action for a Bank Bribery Act violation.  However, this statute only covers banks that have become "a member of one of the Federal reserve banks."  12 U.S.C. § 221 & 221(a).  Hebron is a Maryland state-chartered bank.  Compl. ¶ 3.  Hebron is not a member of one of the Federal reserve banks.  Pls.' Opp. Ex. I ("Hebron Savings Bank is chartered as a Federal Reserve *non*-member.") (emphasis added).  Accordingly, Plaintiffs may not bring a claim against Hebron under the Bank Bribery Act and Count I must be dismissed.  *See also Homes by Michelle, Inc. v. Federal Sav. Bank*, 733 F. Supp. 1495, 1499 (N.D. Ga. 1990). ("Because FSB is not a member of the Federal Reserve System, however, [FSB employees] are not subject to liability under 12 U.S.C. § 503.").

### II.    Truth in Lending Act Claim (Count II)

TILA requires creditors to make specific disclosures before extending credit to consumers.  15 U.S.C. § 1638(a), (b).  Plaintiffs do not specify which disclosures Hebron failed to provide.  Instead, Plaintiffs solely plead the legal conclusion that: "Hebron failed to timely provide Ms. Green with certain general and specific disclosures which are required under

[TILA]." Compl. ¶ 7.  Since Plaintiffs do not specify acts by any of the Defendants that could form the basis of a claim under TILA, Plaintiffs have not met the minimal standards required to state a claim under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that "courts are not bound to accept as true a legal conclusion couched as a factual allegation").

Plaintiffs also appear to allege that the first loan Green received for $450,000 was subject to the Home Equity Protection Act ("HOEPA").  Under TILA, as amended by HOEPA, consumers are entitled to specific disclosures and terms in connection with a "high cost mortgage."  *Cetto v. LaSalle Bank Nat'l Ass'n*, 518 F.3d 263, 265 (4th Cir. 2008).  A high cost mortgage is "one in which the 'points and fees' exceed 8% of the 'total loan amount.'"  *Id*; 15 U.S.C. § 1602(aa)(1)(B)(i).  Plaintiffs allege that Defendants collected $50,065.00 in points and fees, which is more than 8% ($36,000) of the loan amount that they could legally accept under HOEPA.  Compl. ¶ 46.  However, Plaintiffs include in their calculations payments that do not qualify as "points and fees" under HOEPA, including the money Green paid to French as a bribe.[2]  The only payment Plaintiffs allege Defendants collected that is properly included under HOEPA is the $5,065 Green paid in "fees and costs."  Pls.' Opp. at 15.  Thus, HOEPA is inapplicable here because Defendants did not collect fees in excess of the allowable amount of charges.  Accordingly, Count II must be dismissed.

### III.   Subject Matter Jurisdiction

The jurisdiction of the federal courts is limited.  Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in

---

[2] Points and fees under HOEPA only include those paid by the consumer "at or before closing." 15 U.S.C. § 1602(aa)(1).  Green paid French the $27,000 "finder's fee" – that was clearly used to help bribe Wilgus – only *after* her other debts were paid off.  Compl. ¶ 30.  Additionally, charges used to cover payments in the case of default are not considered finance charges.  12 C.F.R. 226.4(c).  The $18,000 "interest reserve" Green paid was used to cover her payments when she defaulted on the loan.  Pls.' Opp. at 14.

controversy exceeds $ 75,000.00.  *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331 & 1332.  There is no presumption that jurisdiction is vested in the Court.  *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).

Plaintiffs have not alleged that diversity jurisdiction exists in this case, thus federal jurisdiction is only available if there is a federal question at issue.  There are only two possible federal questions raised in the Complaint: the alleged violations of the Bank Bribery Act and the alleged violations of TILA and HOEPA.  As discussed above, the Bank Bribery Act does not create a private right in this case, and Plaintiffs have not alleged facts sufficient to state a claim under TILA or HOEPA.  Plaintiffs' remaining claims for negligence, fraud and conspiracy are not based upon any federal statutes.  Accordingly, there is no federal question presented.[3]

## **CONCLUSION**

For the reasons stated above, Defendants' Motions to Dismiss (Papers No. 5 and 9) are GRANTED and Plaintiffs' Complaint is DISMISSED.  A separate Order follows.


Dated: January 7, 2010                                         /s/_____
                                                                            Richard D. Bennett
                                                                            United States District Judge

---

[3] Pursuant to 28 U.S.C. § 1367(c)(3), this Court has discretion to decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction."  In *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966), the Supreme Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a superfooted reading of applicable law."  Thus, this Court declines, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over Plaintiffs' non-constitutional claims for relief.